Battle, J.
 

 The defendant seeks to justify the trespass alleged in the declaration, upon the ground that he had acquired title to the
 
 locus in quo
 
 under the act *of 1791, Rev. Code, c. 65, s. 2. That act makes a possession of twenty-one years under a color of .title, under known and visible lines or boundaries, a bar to the State. All the cases show that the possession spoken of must be constituted by such acts as would expose the party to a suit by the State, or by some person claiming under the State; for it is the forbearance to sue that raises such a presumption of right as induced the Legislature to ratify the apparent title. The same rule holds with regard to the possession for seven years under color of title, which bars the claims of an individual — Revised Code, c. 65, s. 1. It is for this reason that if two grants or deeds lap, the adverse possession for seven years of the junior grantee or bargainee, who has not taken actual possession of the lapped part of the land, cannot give him any right to that part against the elder grantee or bargainee ; See
 
 Smith v. Ingram,
 
 7 Ired. 175, and other cases in Battles Digest under the title of Ejectment— Of the title necessary to support the action. Analogous to this is the case of the State before it has made any grant, and a person who has taken a deed for a parcel of vacant land from another person, but has not entered into possession. The opposing claims of the State and the bargainee may be said to lap, but the possession will be that of
 
 *350
 
 the State, until the bargainee makes an actual entry and tabes possession of the land; until he does that, the State cannot sue him, and, therefore, no length of time, though there may be visible lines or boundaries, can give him a title against the State.
 

 In the present case, the defendant held a rightful possession under the title derived from the grant to Millsaps, but he never took possession of any part of the land outside of the bounds of that grant and within those of the deed from Millsaps to his father, and, therefore, the possession of the State to such part was never divested before it made the grant to the plaintiff.
 

 Upon the facts proved, the plaintiff was, in our opinion, entitled to recover, and bis Honor erred in not so instructing the jury.
 

 Per Curiam. ' Judgment reversed and
 
 venire de novo.